PER CURIAM.
Appellant was charged, represented by the public defender, tried and convicted by a jury for the offense of robbery. His sole point on appeal challenges the correctness of the court’s charge which purports to define what constitutes a principal in the first degree. Appellant and five other boys were together on a public street in Jacksonville when some of them assaulted and robbed another boy. Appellant was present and constructively participated in the robbery. In its instruction to the jury, the court charged:
“Where several persons join in the execution of a common criminal purpose, each is criminally responsible for every act done in the execution of that purpose, whether done by himself or by one of his confederates. If two or more persons are engaged in the perpetration of a crime, either felony or misdemeanor, the acts of each in the perpetration of such crime are binding upon all and are equally responsible for the acts of each in the perpetration of such crime and all are deemed principals in the first degree, whether he is or is not actually or constructively present at the commission of such offense.
“One who actually perpetrates the crime whether by his own hand or through an innocent aide or whoever aids, abets, counsels, or hires or otherwise procurs such offense to be committed is a principal in the first degree, whether he is or is not actually or constructively present at the commission of such offense.
“In order to be held liable as a principal one must be present, which presence may be actual or constructive and must perpetrate the crime by his own hand or through an innocent agent, or aid, abet, counsel, hire or otherwise procure such offense to be committed.
“There must be a common intent to accomplish an unlawful purpose at the time the act is done.
“A person charged as a principal with aiding and abetting the commission of an offense must be shown to have known of the existence of the intent on the part of the person or persons so aided or abetted or himself acted from such intent or at least the offense must be within the compass of the original intention.”
The foregoing instruction was based upon F.S. Section 776.011, F.S.A., which is as follows:
“Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense.”
Appellant contends that the court’s charge is broader than the statute and is a prejudicial erroneous statement of the law, in the absence of which the jury would have found him not guilty.
After the jury retired, the foreman requested further instructions from the court upon the meaning of the term “principal”. The court repeated its instruction above quoted on what constitutes a principal in the first degree, after which the juror asked the question:
“Does this mean that they would have had to have discussed committing a robbery before one of them would be considered guilty?”
After further discussion of the matter between the court and counsel, the following clarifying instruction was given the jury:
“The court’s categorical answer to that question is no, although it should be understood that for one person to be guilty of a crime actually committed by another or others, such person must have had knowledge that the commission of the crime would be undertaken by the one *502 or ones actually perpetrating it and such person must have aided, abetted, coun-selled, hired or otherwise procured such offense to be committed.”
After the foregoing instruction the court asked counsel for the defendant if anything further was required or desired, to which he answered in the negative.
Under the facts disclosed by the record, it is our view that the jury instruction complained of, as clarified by the court and consented to by counsel, did not constitute prejudicial error. The judgment appealed is therefore affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, and RAWLS, JJ-, concur.